## 8266

### JAMES v. FERGUSON.

1. EXCEPTIONS alleging a motion was granted on grounds not shown in the record will not be considered.

2. SECONDARY EVIDENCE—DEEDS.—Where an original deed is traced to a firm of lawyers who had it for a client, who is offering the copy, it is not necessary to show that all the members of the firm made search for it.

Before COPES, J., Lee, November term, 1911.    Affirmed.

Action by Sebastian W. James *et al.* against Martha A. Ferguson *et al.*    Defendants appeal.

*Mr. L. D. Jennings,* for appellants, cites: *The order granting the new trial is appealable:* 2 S. C. 388; 64 S. C. 485; 68 S. C. 46.    *Before record of deed can be introduced, loss of original must be shown:* 49 S. C. 242; 2 Bail. 269; Code 1902, 2895; 79 S. C. 250; 5 Rich. 373.    *What is judicial discretion?* 47 S. C. 498.

*Mr. A. B. Stuckey,* contra.

July 22, 1912.    The opinion of the Court was delivered by

MR. JUSTICE FRASER.    The following statement appears in the case :

"This was a suit commenced by S. W. James, Marion Moise and A. B. Stuckey, plaintiffs, against William J. James, Andrew Reynolds *et al.,* defendants, for partition of several tracts of land, including a ninety-acre tract in the possession of the defendant, Andrew Reynolds.    Andrew Reynolds answered, denying that the plaintiffs had the title or any other of the defendants, to the ninety acres in his possession.    The case was placed on Calendar 1 to try the issue of title to the ninety-acre tract.    The case was called for trial, and trial began at Bishopville, Lee county, S. C., on

the 26th of October, 1911, before his Honor, Robert E. Copes, presiding Judge. Mr. A. B. Stuckey, attorney for plaintiffs, offered in evidence the record copy of deed of W. H. Ingram, master, to W. F. B. Haynesworth, which he claimed to be a link in the chain of title to the ninety-acre tract. When this was offered, L. D. Jennings, attorney for Andrew Reynolds, objected upon the ground that the plaintiffs had not shown the loss of the original deed, or that it was out of their power to produce the same, or that they had not destroyed or mislaid the same, or in any way previously put it out of their power to produce the same in order to introduce a copy in evidence."

It further appears that the only plaintiff who has any interest in this branch of the case is Sebastian W. James.

The presiding Judge granted a nonsuit, but being satisfied that he had made a mistake in granting it, revoked the order and granted a new trial.

The motion for a new trial was made on three grounds.

There are four exceptions, three of which complain that his Honor erred in granting the motion on the three several grounds taken in the motion. These three exceptions cannot be considered inasmuch as it does not appear that his Honor granted the motion on all or either of the grounds of the motion.

The order simply states, that "after full argument and upon the record, I have concluded that I was in error in excluding the copy of the said deed in evidence which brought about the order of nonsuit. Therefore, said order is set aside and a new trial ordered."

The appellants' fourth exception complains of error in the order of revocation on the ground that the original order was correct and appellant claims that the loss of the original deed of Ingram, master, to W. F. B. Haynesworth was not sufficiently proven. Was there sufficient proof?

It is true that there were three plaintiffs of record and only two testified. It is also true that all the parties who offer the copy must make proof. *Linning* v. *Crawford,* 2 Bailey 297.

At this stage of the case the Boise and Stuckey interests were not involved and they offered nothing. It was Sebastian W. James who offered the paper, and he was examined and showed that it was "out of his power to produce it."

The proof showed that he had never seen the paper; that so far as he knew the paper was in the possession of his former attorney, Mr. W. F. B. Haynesworth. The clerk of the Court, however, said that while he did not make the actual transcript on the record, he had possession of the original and had sent it, together with the bill for recording, to Haynesworth & Haynesworth. It was then proven that a member of the firm of Haynesworth & Haynesworth had searched through their papers and those of his father, Mr. W. F. B. Haynesworth, and it was not found. It is claimed, however, that Mr. Hugh C. Haynesworth, the other member of the firm, should also have looked in order that all who may have had possession may purge themselves of responsibility. This is not the rule. The Haynesworths did not offer the copy. The rule that all must make proof applies only to those offering the copy in order that one party to a cause may not suppress testimony.

In *Turner* v. *Moore,* 1 Brev. 236, it is said sometimes "very slight evidence of the loss in cases like the present, where the land has been conveyed by the original grantee, and has passed to different purchasers and no proof that the plaintiff ever had possession of the original grant ought to be deemed sufficient for the purpose of admitting an authentic office copy in evidence."

Why the record itself should have been treated as a copy of the record does not appear, but the parties have so treated it and we have accepted the status as we find it.

His Honor was fully justified in granting the order appealed from and it is affirmed.

MR. JUSTICE WOODS *absent.*